IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Doral Bank<br><br>Plaintiff<br><br>vs<br><br>ESTATE OF JONAS ROQUE-NAZARIO, constituted by ADA IRIS ROQUE-TAÑON, JOHANNA ROQUE-TAÑON, DORKAS IRIS ROQUE-TAÑON, ANA IRIS TAÑON-OLIVERAS, a/k/a ANA IRIS TAÑON-OLIVERAS, a/k/a ANA IRIS TAÑON<br><br>Defendants | CIVIL 15-1708CCC |

**OPINION AND ORDER**

On September 16, 2013, Civil Action No. ECD2013-1161 was filed in the Court of First Instance, Caguas Part, Commonwealth of Puerto Rico. On December 23, 2013 Doral Bank was substituted as the plaintiff in said action. On January 20, 2014 co-defendant Ana Tañón-Oliveras filed a counterclaim against Doral Bank. (d.e. 7, Ex. 1, p. 23). On February 27, 2015, the Puerto Rico Office of the Commissioner of Financial Institutions closed Doral Bank, and FDIC was appointed as Doral's receiver. On May 28, 2015, the FDIC filed a notice of removal to this Court, pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1) (**d.e. 1**). On April 13, 2016 FDIC filed a Motion to Dismiss defendants' counterclaims with prejudice on the grounds that (1) defendants were required to exhaust FDIC's administrative claims process, (2) defendants failed to do so, and (3) such failure deprives this Court of subject-matter jurisdiction over defendants' counterclaim (**d.e. 9**). Defendants did not oppose.

CIVIL 15-1708CCC                    2

**I.    PLEADING STANDARDS**

Under Rules 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted." Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 188 (D.P.R. 2009). A motion to dismiss brought under Rule 12(b)(1) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). Cintrón-Luna v. Román-Bultrán, 668 F. Supp. 2d 315, 316 (D.P.R. 2009). "In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief'." Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010). When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008). Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'." Quirós v. Muñoz, 670 F. Supp. 2d 130, 131 (D.P.R. 2009). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'." Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is

CIVIL 15-1708CCC                         3

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id., at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'- 'that the pleader is entitled to relief'." Id. "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'." Martínez-Díaz v. Doe, 683 F. Supp. 2d at 174 (quoting Ashcroft v. Iqbal, 129 S.Ct. at 1950-51).

**II.    ANALYSIS**

In its Motion to Dismiss, FDIC-R argues that the Court lacks jurisdiction to hear any of defendants' pre-removal counterclaims because they failed to exhaust the mandatory administrative claims process provided for in the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1811 et seq.

FIRREA establishes that when the FDIC is acting as a conservator or receiver, it succeeds to "all the rights, titles, powers, and privileges ... and the

CIVIL 15-1708CCC                               4

assets of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A)(i). FIRREA also establishes a mandatory administrative claims review process ("ACRP"), which must be exhausted by every claimant seeking payment from the assets of the affected institution. 12 U.S.C. § 1821(d)(13)(D). If the ACRP is not completed by a claimant, a judicial bar will be imposed on "any claim that seeks payment, or determination of rights from the assets of the failed institution, for which the [FDIC] has been named receiver." Id.; see also Lloyd v. FDIC, 22 F.3d 335, 337 (1st Cir. 1994); Marquis v. FDIC, 965 F.2d 1148, 1153 (1st Cir. 1992).

In Puerto Rico, the Office of the Commission of Financial Institutions appoints the FDIC as receiver of a failed bank. See P.R. Laws Ann. tit. 7, § 2001 et seq. Once the FDIC has been appointed as receiver, it must publish a notice to the failed bank's claimants to notify them of their obligation to present proof of their claims by a specific date. 12 U.S.C. § 1821(d)(3)(B)(i). This date, which is known as the "bar date," must not be less than ninety days after publication of the notice to claimants. FDIC v. Kane, 148 F.3d 36, 38 (1st Cir. 1998) (citing 12 U.S.C. § 1821(d)(3)(B)). The notice must be republished twice, at approximately one and two months after the initial publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(ii). It must also mail a similar notice to the failed bank's creditors to notify them of the FDIC's appointment as receiver and of the creditors' obligation to present their claims, with proof, by a specific date to the FDIC. 12 U.S.C. § 1821(d)(3)(C).[1]

---

[1] "Even though FIRREA requires that the FDIC mail a notice contemporaneous to publishing a notice of receivership to the failed bank's creditors, see 12 U.S.C. § 1821(d)(3)(B)-(C), the statute does not provide claimants a waiver or exception to completing the mandatory ACRP if notice is not mailed." F.D.I.C. v. Beneficial Mortgage Corp., 858 F. Supp. 2d 196, 202 (D.P.R. 2012).

CIVIL 15-1708CCC                             5

If a claimant timely files a claim before the bar date, the FDIC has authority to determine the claim in accordance with the procedures established in FIRREA.  12 U.S.C. § 1821(d)(3)-(6). If the claimant fails to file a timely claim before the bar date, then his or her right to have the claim heard is barred forever.  12 U.S.C. § 1821(d)(5)(C)(I).  This is true regardless of whether a lawsuit to enforce the claim was initiated prior to the appointment of a receiver. Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992) (holding that "FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver.").  The Marquis Court stated that "when a claimant has been properly notified of the appointment of a federal insurer as receiver 12 U.S.C. § 1821(d)(3)(B)-(C), and has nonetheless failed to initiate an administrative claim within the filing period, 12 U.S.C. § 1821(d)(3)(B)(i), the claimant necessarily forfeits any right to pursue a claim against the failed institution's assets in any court."  Id. at 1151-52.

Here, FDIC was appointed as receiver on February 27, 2015.  Plaintiff presented proof that it published the required notice of receivership in two different local newspapers on March 6, which is ninety days before the Claims Bar Date, June 4, 2015.  (d.e. 10, Ex. 1).  Plaintiff also presented proof that it mailed a written claim notice to defendant Ana Tañón-Oliveras, and that it republished the newspaper notices twice, in accordance with 12 U.S.C. § 1821(d)(3)(B).  (d.e. 9, Ex. 1).  Finally, plaintiff submitted proof that defendants did not file a claim with the FDIC by the claims bar date.  (d.e. 9, Ex. 1).

CIVIL 15-1708CCC					6

## III.   CONCLUSION

Defendants were properly notified and failed to exhaust mandatory administrative procedures, thus depriving this Court of subject matter jurisdiction over their counterclaim, listed in docket entry 7, exhibit 1, in their Answer to Doral Bank's Puerto Rico Superior Court Amended Complaint. Accordingly, FDIC-R's Motion to Dismiss said counterclaim with prejudice (**d.e. 9**) is GRANTED.  FDIC-R's Motion for Order to Show Cause (**d.e. 10**) is MOOT.

SO ORDERED.

At San Juan, Puerto Rico, on October 13, 2016.

									S/CARMEN CONSUELO CEREZO
									United States District Judge